

# THE ATTORNEY GENERAL

## OF TEXAS

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711

April 29, 1971

Honorable Neal Solomon, Chairman
Committee on Banks and Banking
House of Representatives
State Capitol
Austin, Texas

Opinion No. M-846

Re: Constitutionality
of House Bill No.
1410, 62nd Leg., R.S.,
1971, authorizing
state banks to in-
crease their capital
stock without the
issuance of same.

Dear Mr. Solomon:

You have requested our opinion concerning the constitu-
tionality of House Bill No. 1410 currently pending in the
62nd Legislature, Regular Session, 1971, which reads as follows:

"A BILL TO BE ENTITLED AN ACT amending Chapter
III of the Texas Banking Code of 1943, same being
Chapter 97, Acts of the 48th Legislature, Regular
Session, 1943, by adding a new article to be
designated as Article 12a and to be codified as
Article 342-312a Vernon's Texas Civil Statutes;
permitting state banks to authorize and provide
authorized but unissued stock, with certain re-
strictions and limitations; and declaring an
emergency.

"BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF
TEXAS:

"Section 1. Chapter III of The Texas Banking Code
of 1943, as amended, is hereby amended by adding
a new article immediately following Article 12
to be designated as Article 12a which shall read
as follows:

'Article 12a. Authorized But Unissued Stock.

'a. Any state bank, with the approval of the
Commissioner and by vote of stockholders owning
two-thirds of the stock of the bank entitled to

-4102-

vote, may authorize an increase in the stock of the bank in the category of authorized but un-issued stock, except that the approval of the Commissioner shall not be required where the resulting amount of stock in the category of authorized but unissued stock will satisfy either of the following criteria:

'(1)  Where the resulting total amount of authorized but unissued stock will be free of preemptive rights of shareholders, will not exceed five percent (5%) of the currently issued and out-standing stock, and is specifically designated as being reserved for issuance in connection with an officer or employee stock option plan, provided that such plan has been approved by the Commissioner.

'(2)  Where the resulting total amount of authorized but unissued stock, exclusive of that amount specifically reserved for issuance in con-nection with an approved officer or employee plan, will be subject to preemptive rights of shareholders and will not exceed fifty percent (50%) of the currently issued and outstanding stock.

'b.  With the written approval of the Commissioner, authorized but unissued stock may be issued from time to time as stock dividends or for such other purposes and considerations as may be approved by the board of directors of the bank.

'c.  Authorized but unissued stock may also be issued from time to time to officers or employees of the bank pursuant to an approved stock option plan adopted in accordance with Article 12 of this Chap-ter, or in exchange for convertible capital notes or debentures previously approved by the Commissioner in accordance with the terms and provisions of such securities.

'd.  Nothing contained herein shall be construed as relieving any bank of the obligation to file with the Commissioner, pursuant to Article 12 of this Chapter, a copy of every amendment to the Articles of Association adopted by the shareholders.'

"Section 2.  The need for modernization and clarifi-cation of the Texas Banking Code of 1943, so that

banks may better serve their communities, creates
an emergency and an imperative public necessity
that the Constitutional Rule requiring bills to
be read on three several days in each House be
suspended, and said Rule is hereby suspended; and
that this Act shall take effect and be in force
from and after its passage, and it is so enacted."

Article XVI, Section 16 of the Constitution of Texas reads
in part as follows:

"The Legislature shall by general laws,
authorize the incorporation of corporate bodies
with banking and discounting privileges, and
shall provide for a system of State supervision,
regulation and control of such bodies which will
adequately protect and secure the depositors and
creditors thereof.

"No such corporate body shall be chartered
until all of the authorized capital stock has been
subscribed and paid for in full in cash." (Em-
phasis added)

"  .  .  ."

It appears from a reading of House Bill No. 1410, supra,
that this bill would authorize a state bank to increase its
capital stock without requiring an increase in the capital
assets, and without issuing such stock, but holding the same
for issuance for certain purposes.

It is clear that the intent and purpose of the emphasized
section of the Constitution, quoted above, is to require that
banking corporations be adequately financed and that their
capital stock not be diluted in value.

When a banking corporation amends its charter to increase
its capital stock then such charter as amended becomes the
bank's charter.  In accord, see Furr v. Chapman 286 S.W. 171,
172, (Tex.Comm.App. 1926, mod. on other grounds 287 S.W. 496).
It is our view that to permit the enactment of House Bill No.
1410 would be to approve the possible dilution of a bank's
capital stock, when such dilution was forbidden at the time
of the initial issuance of its charter.  It is the opinion of

this office that the Legislature does not have the power to authorize such a dilution.

In view of Article XVI, Section 16 of the Constitution of Texas, which provides that all of the authorized capital stock must be subscribed and paid for in full in cash, we are of the opinion that House Bill No. 1410 is unconstitutional.

### S U M M A R Y

House Bill No. 1410, 62nd Legislature, Regular Session, 1971, authorizing a state bank to increase its capital stock without issuing same, is unconstitutional and in violation of Article XVI, Section 16 of the Constitution of Texas, which requires all authorized capital stock to be subscribed and fully paid for in cash.

Very truly yours,

CRAWFROD C. MARTIN
Attorney General of Texas

By: NOLA WHITE
First Assistant Attorney
General

Prepared by John H. Banks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Malcolm Quick
S. J. Aronson
Jack Sparks
Fisher Tyler

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant